(211 P.3d 857)
No. 101,334

STATE OF KANSAS, *Appellant*, v. JENNIFER LEE HOVHANNISYAN,
*Appellee.*

Opinion filed July 24, 2009.

*Ty Kaufman*, county attorney, and *Steve Six*, attorney general, for the appellant.

*Brent A. Boyer*, of Boyer Law Offices, of McPherson, for the appellee.

Before GREENE, P.J., PIERRON and GREEN, JJ.

PIERRON, J.: In this interlocutory action, the State appeals the district court's granting of Jennifer Hovhannisyan's motion to suppress evidence. We reverse.

Hovhannisyan was placed on probation in November 2007. One of the conditions of her probation was that she not use mind-altering drugs, including marijuana. In connection with that condition of her probation, Hovhannisyan was required to submit to random urine analysis (UA) tests. Hovhannisyan submitted UAs that were positive for marijuana on February 7, 2008, March 3, 2008, March 28, 2008, April 11, 2008, and May 28, 2008. Hovhannisyan admitted to her intensive supervision officer (ISO) that she was using marijuana on a weekly basis.

The terms of Hovhannisyan's probation also required her to submit to random home visits. After a staff meeting where Hovhannisyan's drug use was discussed, it was determined that a surveillance officer would visit Hovhannisyan's home and perform a search. Tony LeClair, a surveillance officer for the county, went to Hovhannisyan's home on June 7, 2008. He testified that Hovhannisyan knew who he was and what his job duties were. While performing the search of Hovhannisyan's bedroom, Officer LeClair discovered a pipe that appeared to be drug paraphernalia. Officer LeClair looked in the bowl of the pipe and saw a black residue that smelled like burnt marijuana.

Based on the results of Officer LeClair's search, Hovhannisyan was charged with one count of possession of marijuana and one count of possession of drug paraphernalia. Prior to trial, Hovhan-

nisyan filed a motion to suppress the evidence, in which she argued that the search of her home was illegal because it was conducted without reasonable suspicion. The district court held an evidentiary hearing in order to consider Hovhannisyan's motion. After hearing testimony and arguments from counsel, the district court ruled that the search of Hovhannisyan's residence was unreasonable because the State had no reasonable belief that Hovhannisyan was smoking marijuana at her residence. In the absence of any evidence that Hovhannisyan's home was connected to the illegal activity, the court ruled that the evidence garnered from the search must be suppressed. The State appeals that ruling to this court.

On appeal, the State argues that the district court's ruling imposed a standard more stringent than reasonable suspicion. The State contends that Officer LeClair had much more than a "hunch" that illegal activity was occurring at Hovhannisyan's home.

An appellate court reviews the district court's decision on a motion to suppress evidence using a bifurcated standard. Without reweighing the evidence, the appellate court reviews the district court's findings to determine whether they are supported by substantial competent evidence. The appellate court then reviews the ultimate legal conclusion regarding the suppression of evidence using a de novo standard. *State v. Woolverton*, 284 Kan. 59, 70, 159 P.3d 985 (2007).

A person's reasonable expectations of privacy depend on the level of freedom that person enjoys in society. The United States Supreme Court has determined that persons under state control, such as probationers, enjoy more limited privacy than do free citizens. *State v. Bennett*, 288 Kan. 86, 92, 200 P.3d 455 (2009). In Kansas, searches of probationers must be based on a reasonable suspicion. Law enforcement efforts must be reasonably calculated, with reference to the probationers' privacy rights. Reasonable suspicion is not an overly burdensome standard of proof. By extension, any condition of probation which subjects a probationer to random, nonconsensual, suspicionless searches is a violation of the Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights. *Bennett*, 288 Kan. at 98.

The holding of the Kansas Supreme Court in *Bennett* renders unconstitutional the condition of Hovhannisyan's probation which allowed random searches of her home. Therefore, the search of Hovhannisyan's home here was constitutionally permissible only if law enforcement officials had a reasonable suspicion that illegal activity was occurring there.

Probable cause is a legal term used constantly in criminal law. Defining this oft-used term can be difficult. Our Supreme Court, in *State v. Fewell*, 286 Kan. 370, Syl. ¶ 4, 184 P.3d 903 (2008), noted:

> "In dealing with probable cause, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent persons, not legal technicians, act. Probable cause exists where the facts and circumstances within the acting officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been or is being committed."

Reasonable suspicion means a particularized and objective basis for suspecting that a person is involved in criminal activity. Something more than an unparticularized suspicion or hunch must be articulated. Reasonable suspicion can arise from information that is less reliable than that required to show probable cause. *State v. Glass*, 40 Kan. App. 2d 379, 382, 192 P.3d 651 (2008).

However, there must be a reasonable nexus between the evidence available to law enforcement officers and the conclusion that a particular place contains evidence of a parole or probation violation. This is particularly true when dealing with the search of a home.

In *State v. Huff*, 278 Kan. 214, 220, 92 P.3d 604 (2004), our Supreme Court, quoting the Court of Appeals' opinion in *State v. Blair*, 31 Kan. App. 2d 202, Syl. ¶ 2, 62 P.3d 661 (2002), said:

> " 'The Fourth Amendment to the United States Constitution and §15 of the Kansas Constitution Bill of Rights have been found to give special deference to the sanctity of privacy in an individual's home. The viewing by police into an area where an individual has a subjective expectation of privacy that society accepts as reasonable constitutes a search.' "

It appears that Officer LeClair had reasonable suspicion that illegal activity was occurring at Hovhannisyan's home. It is undisputed that Hovhannisyan submitted multiple UAs which tested positive for marijuana. Officer LeClair knew of Hovhannisyan's positive UA samples at the time he went to conduct the search, although he was not aware of the most recent positive sample. Hovhannisyan's ISO testified that she "assumed" Hovhannisyan was using drugs at her home, since she reported to her ISO that she was spending "all her time" at home.

It appears that the district court erred when it determined that the search of Hovhannisyan's home was not supported by reasonable suspicion. Given Hovhannisyan's status as a probationer, the district court's requirement that essentially there had to be probable cause to believe that unlawful activity was occurring in Hovhannisyan's home, was too stringent. The State produced testimony from Hovhannisyan's ISO indicating that Hovhannisyan was spending most of her time at home, lending to an objective indication that Hovhannisyan's home would contain evidence of illegal activity, that is, marijuana smoking. For these reasons, the district court's decision must be reversed and remanded for further proceeding.

Reversed and remanded for further proceedings.